**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ELIGAH DARNELL, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:05-CV-0493-Y** |
| | § | |
| **DEE ANDERSON, Sheriff,** | § | |
| **Tarrant County, Texas,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

*A.  Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B.  Parties*

Petitioner Eligah Darnell, Jr., TDCJ-ID #1326857, was a pretrial detainee confined in the Tarrant County jail pending criminal charges in state court at the time this petition was filed.

Respondent Dee Anderson is the Sheriff of Tarrant County.

*C.  Factual Background*

At the time this petition was filed, Darnell was charged with failing to comply with the state sex offender registration requirements in Criminal District Court No. Two of Tarrant County, Texas.

(Resp't Appendix A.)  On September 6, 2005, pursuant to his plea of guilty, the trial court found Darnell guilty of the charged offense and assessed his punishment at two years' confinement.  (*Id.*) On September 16, 2005, Darnell filed a state habeas application challenging his conviction and sentence, which was denied without written order by the Texas Court of Criminal Appeals on November 30, 2005.

## D.  Issues

In two grounds, Darnell raises the following issues relevant to his pretrial incarceration:  (1) the state prosecutor lacked jurisdiction to bring criminal charges against him, and (2) the state prosecutor withheld material exculpatory evidence from the grand jury.  (Federal Petition at 7.)

## E.  Legal Analysis

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  However, Darnell is no longer a pretrial detainee having been convicted of the charged offense, and the issues presented challenging the lawfulness of his pretrial detention have been rendered moot.  It is therefore unnecessary to resolve the issues presented.[1]  *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.").  *See*

---

[1] The court notes that, on December 13, 2005, Darnell filed a petition for writ of habeas corpus by a state prisoner in custody pursuant to a state court judgment under 28 U.S.C. § 2254, challenging his September 6, 2005 conviction and sentence.  *See Darnell v. Dretke*, Civil Action No. 4:05-CV-0802-Y.

*also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction).  This federal habeas corpus proceeding is therefore moot.

## II.  RECOMMENDATION

Darnell's petition for writ of habeas corpus should be dismissed as moot.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 13, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 13, 2006,

to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 23, 2005.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

4